UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FELIX VANN,

    Applicant,

v.                                                    CASE NO. 8:20-cv-1016-TPB-JSS

SECRETARY, Department of Corrections,

    Respondent.
_____/

**O R D E R**

Vann applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his conviction for home invasion robbery and grand theft of a motor vehicle, for which convictions Vann is imprisoned for thirty years. The respondent argues (Doc. 7) that the application is time-barred. Vann has not replied to the response or otherwise opposed the respondent's argument.

Under the Anti-Terrorism and Effective Death Penalty Act, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, under 28 U.S.C.

§ 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In accord with an earlier order to respond, the respondent moves (Doc. 7) to dismiss the application as time-barred and Vann files neither a reply in support of his application nor an opposition to the incorporated motion to dismiss the application as time-barred.* Because he has not replied, Vann fails to contest the respondent's calculation of the limitation.

The state court record (Respondent's Exhibit 7-2) submitted with the limited response supports the respondent's argument that the application is untimely. Specifically, the federal limitation expired while Vann's motion for a belated appeal was pending in the state district court of appeal. Moreover, the motion for a belated appeal was dismissed for not meeting the pleading requirements, and a motion for a belated appeal from the denial of a motion for post-conviction relief does not toll the limitation, even if properly filed. *Espinosa v. Sec'y, Dep't of Corr.*, 804 F.3d 1137, 1141 (2015) ("[A] petition for belated appeal is not an application for collateral review within the meaning of

---

* The certificate of service attests that the response was mailed to Vann's place of imprisonment when he applied under Section 2254 and, according to the website for the Florida Department of Corrections, Vann is still imprisoned at the institution.

- 2 -

section 2244(d)."); *Danny v. Sec'y, Fla. Dep't of Corrs.*, 811 F.3d 1301, 1303–04 (11th Cir. 2016) (ruling that an unsuccessful belated direct appeal fails to toll the federal limitation) (citing *Espinoza*). Lastly, Vann allowed almost two more years to elapse between the July 11, 2018, mandate (Respondent's Exhibit 51) on the denial of his petition for a writ of habeas corpus and the day (April 28, 2020) that he signed his application under Section 2254 (Doc. 1), which lapse of time alone makes the application untimely.

Apparently recognizing that he has a timeliness problem, in his application Vann states as follows (Doc. 1 at 8):

> Petitioner does not understand the law from Bipolar-Schizophrenia and suffers "SLD" "Social Learning Disorder" and needs the assistance from the law clerks at the institution in which he resides. The law is clear that a Petitioner may obtain federal habeas review of a procedurally defaulted claim without showing of cause or perjduice [*sic*] if such review is necessary to correct a fundamental miscarriage of justice, where a constitutional violation has resuted [*sic*] in a conviction of someone who is actaully [*sic*] innocent.

The respondent interprets the above as an attempt to possibly assert entitlement to equitable tolling and actual innocence. Regarding equitable tolling, the respondent correctly argues (1) that Vann fails to show that both the alleged incompetence occurred during the running of the federal limitation and the existence of a "causal connection" between the alleged incompetence and the failure to timely file his application, and (2) that the alleged incompetence did not preclude Vann from filing numerous papers in state court post-conviction proceedings. Regarding the actual innocence exception to the limitation, the respondent correctly argues that Vann offers no new evidence to show that he is

factually innocent of the crime of conviction, which is required to meet the "actual innocence" exception to the one-year limitation. *See McQuiggin v. Perkins*, 569 U.S. 383, 386–87 (2013) ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations. . . . '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' ") (quoting *Schlup v. Delo* 513 U.S. 298, 329 (1995)) (brackets original).

Consequently, Vann's application is time-barred and he fails to show entitlement to either equitable tolling the limitation or the actual innocence exception to the limitation.

Vann's application (Doc. 1) is **DISMISSED AS TIME-BARRED**. The clerk must enter a judgment against Vann and close this case.

### DENIAL OF BOTH CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Vann is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court

must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Vann must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the application is time-barred, Vann is entitled to neither a COA nor leave to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Vann must obtain permission from the circuit court to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 24th day of April, 2023.

        **TOM BARBER**
        **UNITED STATES DISTRICT JUDGE**